UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

N.J.H., A MINOR CHILD, JULIO C.
HIDALGO, and LYANA T. COLON
GARCIA (a/k/a LYANA HIDALGO),

    Plaintiffs,

v.                                                   Case No. 8:18-cv-2093-T-60CPT

2INFINITY FLORIDA LLC, et al.,

    Defendants.
_____/

**ORDER GRANTING IN PART, AND DENYING IN PART, DEFENDANT 2INFINITY FLORIDA, LLC'S "MOTION TO DISMISS" AND "DEFENDANT CIRCUSTRIX HOLDINGS, LLC'S AMENDED MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT;"**

**AND ORDER DENYING AS MOOT "DEFENDANT CIRCUSTRIX HOLDINGS, LLC'S MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT"**

This matter is before the Court on Defendant 2Infinity Florida, LLC's "Motion to Dismiss" (Doc. # 94) and "Defendant Circustrix Holdings, LLC's Amended Motion to Dismiss Plaintiffs' Third Amended Complaint"[1] (Doc. # 98), filed by counsel on October 15, 2019, and October 25, 2019, respectively.[2] On October 29, 2019, Plaintiffs N.J.H. and Julio and Lyana Hidalgo (collectively, Plaintiffs) filed a response in opposition to 2Infinity Florida, LLC's motion. (Doc. # 99). On November 6, 2019, Plaintiffs filed a

---

[1] On October 23, 2019, Circustrix Holdings filed an initial motion to dismiss (Doc. # 97) before filing an amended motion to dismiss (Doc. # 98). The motion was amended only as to the title of an exhibit. Consequently, the Court denies the motion to dismiss (Doc. # 97) as moot and only addresses the amended motion herein.

[2] The Court notes that on September 18, 2019, the Court held a hearing and dismissed Plaintiffs' second amended complaint without prejudice, permitting Plaintiffs one final opportunity to amend their complaint. (Doc. ## 78, 80). The operative complaint before the Court is the third amended complaint.

response in opposition to Circustrix Holdings, LLC's amended motion to dismiss. (Doc. # 107). After reviewing the motions, responses, court file, and the record, the Court finds as follows:

## Background

This is a personal injury action. N.J.H. (a minor child) and Julio and Lyana Hidalgo (N.J.H.'s parents) sue 2Infinity Florida, LLC ("Infinity") and Circustrix Holdings, LLC ("Circustrix") for injuries N.J.H. allegedly sustained at Infinity's trampoline park in Lakeland, Florida. Plaintiffs' third amended complaint purports to assert several claims sounding in negligence: Negligence (on behalf of N.J.H.) (Count I), "Breach of Duty – Res Ipsa Loquitur" (on behalf of N.J.H.) (Count II), Vicarious Liability (on behalf of N.J.H.) (Count III), Negligence (on behalf of Parents) (Count IV), "Breach of Duty – Res Ipsa Loquitur" (on behalf of Parents) (Count V), Vicarious Liability (on behalf of Parents) (Count VI).

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). "Although Rule 8(a) does not require 'detailed factual allegations,' it does require 'more than labels and conclusions'; a 'formulaic recitation of the cause of action will not do.'" *Young v. Lexington Ins. Co.*, No. 18-62468, 2018 WL 7572240, at \*1 (S.D. Fla. Dec. 6, 2018), *report and recommendation adopted*, No. 18-62468-CIV, 2019 WL 1112274 (S.D. Fla. Jan. 9, 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim for relief that is plausible on its face." *Twombly,* 550 U.S. at 555.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## Analysis

### *Shotgun Pleading*

Defendants argue that the Court should dismiss the third amended complaint because it is a shotgun pleading that does not comply with the Federal Rules of Civil Procedure. Initially, the Court notes that the complaint and the second amended complaint were previously dismissed on this very basis. The last time this issue was presented, the Court could have dismissed this action with prejudice. Instead, on September 18, 2019, the Court held a hearing where various pleading deficiencies were specifically discussed and permitted Plaintiffs one final opportunity to plead sufficient claims. The operative complaint – the third amended complaint – is hardly a paradigm of clarity. However, the Court finds it appropriate to further address the claims and declines to dismiss the entire third amended complaint with prejudice as a shotgun pleading and/or for failure to state a claim.

### *Claims Against Circustrix*

In each of the counts, Plaintiffs sue both Infinity and Circustrix under various theories of negligence based on an injury that allegedly occurred at a trampoline park. Defendants contend that Plaintiffs have failed to identify which of

the Defendants is responsible for which act or omission, constituting a shotgun pleading. Upon review, the Court finds that the alleged acts and omissions of Circustrix have not been sufficiently identified by Plaintiffs. Although Plaintiffs appear to argue in a footnote to their third amended complaint that they are lumping Defendants together for simplicity, the Court previously explained to Plaintiffs the importance of not mixing up claims involving multiple defendants during the hearing held on September 18, 2019.

Moreover, to the extent that Plaintiffs are attempting to pierce the corporate veil, they have failed to adequately plead any claims against Circustrix. In Florida, a parent company is generally not liable for the acts of its subsidiary unless there is fraud or the subsidiary is a mere instrumentality of the parent company.[3] *See Brown v. Family Dollar Corp.,* No. 6:17-cv-1521-Orl-40KRS, 2018 WL 2215222, at *2 (M.D. Fla. May 15, 2018). For a subsidiary to be considered a mere instrumentality of a parent corporation, a plaintiff must show (1) control of the parent over the subsidiary demonstrating that the subsidiary is a mere instrumentality, (2) that the parent perpetrated fraud or other wrongdoing through the subsidiary, and (3) the claimant suffered unjust loss or injury, such as when the subsidiary is insolvent. *Id*. "A mere instrumentality finding is rare." *Id*.

In the third amended complaint, Plaintiffs allege, in conclusory fashion, that "[u]pon information and belief, Circustrix Holdings, LLC exerts control and direction over 2Infinity Florida, LLC […]." However, this bare allegation is

---

[3] The Court notes that for the purpose of ruling on the instant motion, it accepts as true Plaintiffs' allegation that Circustrix is the holding company of Infinity, although this is disputed by Circustrix.

insufficient to impose any type of corporate liability upon Circustrix. *See id.* (dismissing claims against parent company where plaintiff only alleged ownership and control with no additional facts to establish that the subsidiary was a mere instrumentality or alter ego of the parent company); *Garcia v. Kashi Co.*, 43 F. Supp. 3d 1359, 1394-95 (S.D. Fla. 2014) (dismissing claims against parent company where plaintiff only alleged ownership with no additional facts to establish that the subsidiary was a mere instrumentality or alter ego of the parent company). Consequently, all claims against Circustrix are dismissed with prejudice.[4]

***Counts I and III – Negligence and Vicarious Liability on Behalf of N.J.H.***

Infinity contends that Plaintiffs have failed to state a cause of action in Counts I and III. To the extent that N.J.H. has asserted negligence and vicarious liability claims against Infinity, the Court finds that these claims are facially sufficient, and the request to dismiss these counts is therefore denied.

***Counts II and V – "Breach of Duty – Res Ipsa Loquitur"***

Infinity argues that Plaintiffs have failed to state a cause of action in Counts II and V under a res ipsa loquitur theory. Courts have explained that "[r]es ipsa loquitur is […] not a separate cause of action; rather, it is an evidentiary doctrine that permits the trier of fact to infer negligence from circumstantial evidence." *Gandhi v. Carnival Corp.*, No. 13-24509-CIV, 2014 WL 1028940, at *2 (S.D. Fla. Mar. 14, 2014); *see, e.g.*, *Lobegeiger v. Celebrity Cruises, Inc.*, No. 11-21620-CIV,

---

[4] Because the Court has dismissed all claims against Circustrix, it declines to address Circustrix's personal jurisdiction argument.

2011 WL 3703329 , at *7-8 (S.D. Fla. Aug. 23, 2011) (explaining that "res ipsa loquitor is neither a rule of substantive tort law nor a theory of recovery, but a rule of circumstantial evidence"). Consequently, the Court finds that Counts II and V should be dismissed with prejudice. This ruling does not preclude Plaintiffs from seeking a res ipsa loquitur jury instruction as to other counts, if appropriate, in this case.

*Count IV and VI – Negligence and Vicarious Liability on Behalf of Parents*

Infinity contends that Plaintiffs have failed to state a cause of action in Counts IV and VI in part because they have failed to plead the elements of the claims in their shotgun pleading. Although Plaintiffs refer to these claims only as "negligence" and "vicarious liability," based on the factual allegations and nature of the relief sought, the Court construes these as negligent infliction of emotional distress claims. Courts use three predominant tests to assess claims of negligent infliction of emotional distress: (1) the physical impact test; (2) the zone of danger test; and (3) the relative bystander test. *See Consol. Rail Corp. v. Gottshall*, 512 U.S. 532, 546-49 (1994). Under Florida law, to recover damages for negligent infliction of emotional distress, a plaintiff must demonstrate that the emotional distress flows from physical injuries sustained in an impact. *See Early v. City of Homestead, Florida*, 2019 WL 6682869, at *5 (S.D. Fla. Dec. 6, 2019). "If there is no direct physical impact, the complained of mental distress must be manifested by physical injury." *Id.* (internal quotation omitted).

Upon review, the Court finds that the Parents have failed to sufficiently plead that they sustained any direct physical impact or injury due to Infinity's conduct, or

that any physical injury manifested from their distress.[5] The operative complaint before the Court is the third amended complaint – that is to say, Plaintiffs have had several opportunities to file sufficient claims and have failed to do so. Consequently, Counts IV and VI are dismissed with prejudice.

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. Defendant 2Infinity Florida, LLC's "Motion to Dismiss" (Doc. # 94) is hereby **GRANTED IN PART** and **DENIED IN PART.** The Court declines to dismiss the entire third amended complaint with prejudice as a shotgun pleading and/or for failure to state a claim. However, the Court concludes that certain claims are subject to dismissal with prejudice, for the reasons explained herein.

2. "Defendant Circustrix Holdings, LLC's Motion to Dismiss Plaintiffs' Third Amended Complaint" (Doc. # 97) is hereby **DENIED AS MOOT.**

3. "Defendant Circustrix Holdings, LLC's Amended Motion to Dismiss Plaintiffs' Third Amended Complaint" (Doc. # 98) is hereby **GRANTED IN PART** and **DENIED IN PART**. The Court declines to dismiss the entire third amended complaint with prejudice as a shotgun pleading. However, the Court concludes that all claims against Defendant Circustrix Holdings, LLC are subject to dismissal with prejudice, for the reasons explained herein.

---

[5] The Court notes that it is unclear whether the Parents would be able to allege a sufficient injury even if given the opportunity to amend their claim. Mere physical trauma – such as increased blood pressure, heart problems, sleeplessness, anxiety, and loss of appetite – is insufficient to sustain a claim for negligent infliction of emotional distress. *Malverty v. Equifax Info. Servs., LLC*, No. 8:17-cv-1617-T-27AAS, 2019 WL 4305493 (M.D. Fla. Sept. 11, 2019); *Ledford v. Delta Airlines, Inc.*, 658 F. Supp. 540, 542 (S.D. Fla. 1987).

4. All claims against Defendant Circustrix Holdings, LLC are **DISMISSED WITH PREJUDICE**. The Clerk is directed to terminate Circustrix as a party to this action.

5. Counts II, IV, V, and VI of Plaintiffs' third amended complaint are **DISMISSED WITH PREJUDICE**.

6. Defendant 2Infinity Florida, LLC is directed to file an answer as to the remaining counts (Counts I and III) on or before February 5, 2020.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 29th day of January, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**